IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EDNA WILLIAMS, | § | |
|     PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-CV-294-Y |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND
NOTICE AND ORDER**

This case was referred to the United States Magistrate Judge pursuant to the provisions of

Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation

of the United States Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**

**I. STATEMENT OF THE CASE**

Plaintiff Edna Williams ("Williams"), appearing *pro se*, filed this action pursuant to

Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code for judicial review of a

final decision of the Commissioner of Social Security denying her claim for disability insurance

benefits under Title II of the Social Security Act ("SSA"). Williams protectively applied for

disability insurance benefits in October 2007, alleging that her disability began on December 31,

2002.[1] (Tr. 30; *see* Tr. 122-26.) After her applications for benefits were denied initially and on

---

[1] Williams previously filed an application for disability insurance benefits on July 31, 2006. (Tr. 30.) That application was initially denied on February 8, 2007 and Williams did not request reconsideration. (Tr. 30.)

reconsideration, Williams requested a hearing before an administrative law judge ("ALJ").   (Tr. 30, 82-86, 89-92, 95-97.)   The ALJ held a hearing on May 1, 2009 and issued an unfavorable decision on July 30, 2009, finding that Williams was not disabled and not entitled to disability insurance benefits because she retained the ability to perform her past relevant work.   (Tr. 27-79.)   Thereafter, Williams filed a written request for review.   (Tr. 25-26.)   On March 11, 2011, the Appeals Council denied Williams' request for review, leaving the ALJ's July 30, 2009 decision to stand as the final decision of the Commissioner.   (Tr. 1-5.)

## II. STANDARD OF REVIEW

Disability insurance is governed by Title II, 42 U.S.C. § 404 *et seq.*, and numerous regulatory provisions govern disability insurance benefits.   *See* 20 C.F.R. Pt. 404.   The SSA defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity.   42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).   To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed.   20 C.F.R. § 404.1520.   First, the claimant must not be presently working at any substantial gainful activity.   Substantial gainful activity is defined as work activity involving the use of significant physical or mental abilities for pay or profit.   20 C.F.R. § 404.1527.   Second, the claimant must have an impairment or combination of impairments that is severe.   20 C.F.R. § 404.1520(c); *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), *cited in*

---

Instead, Williams filed the application that is currently pending before the Court. The ALJ did not find any reason to reopen or otherwise reconsider the prior determination. (Tr. 31.) Thus, Williams' alleged onset of disability date was "judicially amended" to February 9, 2007, the day after the denial of the previous application. (Tr. 31.) In addition, based upon her new onset date, the date Williams was last insured was calculated as June 30, 2009. (Tr. 31.)

*Loza v. Apfel*, 219 F.3d 378, 392 (5th Cir. 2000).   Third, disability will be found if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Pt. 404, Subpt. P, App. 1.   20 C.F.R. § 404.1520(d).   Fourth, if disability cannot be found on the basis of the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to his past relevant work.   *Id.* § 404.1520(e).   And fifth, the impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity, age, education, and past work experience. *Id.* § 404.1520(f); *Crowley v. Apfel,* 197 F.3d 194, 197-98 (5th Cir.1999).   At steps one through four, the burden of proof rests upon the claimant to show he is disabled.   *Crowley*, 197 F.3d at 198.   If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. *Id.*

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole.   *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion.   *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance.   *Id.*   A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.   *Id.*   This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but will carefully scrutinize the record to

determine if the evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383.

## III. ISSUES

In her brief, Williams states the following: (1) she is suffering from fibromyalgia; (2) she has been diagnosed with fibromyalgia by Thuan Quang Vu, M.D. ("Vu"); (3) she feels Vu's professional medical opinion has been overlooked and his opinion should be taken into high consideration; (4) she has now also been diagnosed with rheumatoid arthritis; and (5) the "court doctor" and "court therapist" that evaluated her did so "with no hands on evaluation." (Pl.'s Br. at 9-10.) Williams also attaches the following documents to her brief: (1) a document listing her age, education, and work experience (Pl.'s Br. at 2); (2) pages previously submitted to the Appeals Council that appear to be printed off the Texas Medical Board website showing the public verification/physician profile for Vu (Pl.'s Br. at 3-7; *see* Tr. 15-19); and (3) a letter dated August 25, 2011 from Vu stating, simply, that he has been following Williams since 2002 and treating her for rheumatoid arthritis and fibromyalgia (Pl.'s Br. at 8).

Although far from clear, based upon a reading of Williams' brief and the attached documents, the Court finds that the following issues are presented:

1. Whether the ALJ properly rejected the opinion of Vu, one of Williams' treating physicians; and

2. Whether the documents submitted by Williams to the Court constitute "new and material" evidence that should be considered by the Court.

## IV. ALJ DECISION

In his July 30, 2009 decision, the ALJ found that Williams had last met the disability insured status requirements of the SSA on June 30, 2009 and that she had not engaged in

4

substantial gainful activity from her alleged onset date of February 9, 2007 through June 30, 2009. (Tr. 33.)  The ALJ further found that Williams had the following severe impairments: morbid obesity, hypertension, diabetes, and fibromyalgia. (Tr. 33.)  Next, the ALJ held that none of Williams' impairments or combination of impairments met or equaled the severity of any impairment in the Listing.  (Tr. 33.)

As to Williams' RFC, the ALJ found that she had the capacity to perform light work. (Tr. 33.)  In making this determination, the ALJ considered, *inter alia*, the following: (1) medical records from Jarvis Bull, M.D., one of Williams' treating physicians (Tr. 34, 36-37); (2) medical records from Vu, another of Williams' treating physicians and who is located at the Mid-Cities Arthritis Clinic (Tr. 36); and (3) medical opinions from two State Agency Medical Consultants (Tr. 37).  The ALJ then opined, based on his RFC assessment, that Williams was able to perform her past relevant work as a nursery school attendant; thus, she was not disabled. (Tr. 37.)

## V. DISCUSSION

### A. Rejection of Treating Physician Vu's Opinion

Williams appears to claim, in essence, that the ALJ erred in improperly rejecting the opinion of Vu that Williams is disabled and is not capable of performing light work. (Pl.'s Br. at 9-10.)  RFC is what an individual can still do despite her limitations.[2]  Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2 (S.S.A. July 2, 1996).  It reflects the individual's maximum remaining ability to do sustained work activity in an ordinary work setting on a regular and continuing basis.  *Id.  See Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001).  A

---

[2] The Commissioner's analysis at Steps Four and Five of the disability evaluation process is based on the assessment of the claimant's RFC.  *Perez v. Barnhart*, 415 F.3d 457, 461-62 (5th Cir. 2005).  The Commissioner assesses the RFC before proceeding from Step Three to Step Four.  *Id.*

regular and continuing basis is an eight-hour day, five days a week, or an equivalent schedule. *Id.* RFC is not the least an individual can do, but the most. SSR 96-8p at *2. The RFC assessment is a function-by-function assessment, with both exertional and nonexertional factors to be considered and is based upon all of the relevant evidence in the case record. *Id.* at *3-5. The ALJ will discuss the claimant's ability to perform sustained work activity on a regular and continuing basis, and will resolve any inconsistencies in the evidence. *Id.* at *7.

In making an RFC assessment, the ALJ must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, and must consider limitations and restrictions imposed by all of an individual's impairments, even impairments that are not severe. *See* 20 C.F.R. §§ 404.1529, 416.929; SSR 96-7p, 1996 WL 374186, at *1 (S.S.A. July 2, 1996); SSR 96-8p at *5. The ALJ is permitted to draw reasonable inferences from the evidence in making his decision, but the social security rulings also caution that presumptions, speculation, and supposition do not constitute evidence. *See, e.g.,* SSR 86-8, 1986 WL 68636, at *8 (S.S.A. 1986), *superseded by* SSR 91-7c, 1991 WL 231791, at *1 (S.S.A. Aug. 1, 1991) (only to the extent the SSR discusses the former procedures used to determine disability in children). The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Morris v. Bowen,* 864 F.2d 333, 336 (5th Cir. 1988).

Furthermore, controlling weight is assigned to the opinions of a treating physician if well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2); *Martinez v. Chater,* 64 F.3d 172, 176 (5th Cir. 1995); *Bowman v. Heckler,* 706 F.2d 564, 568 (5th Cir.

1983).  However, the determination of disability always remains the province of the ALJ and the ALJ can decrease the weight assigned to a treating physician's opinion for good cause, which includes disregarding statements that are brief and conclusory, unsupported by acceptable diagnostic techniques, or otherwise unsupported by the evidence.  *Leggett*, 67 F.3d at 566; *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994).  *See also* 20 C.F.R. § 404.1527(e). Conclusory statements to the effect that the claimant is disabled or unable to work are legal conclusions, not medical opinions, and are not entitled to any special significance.  *See* 20 C.F.R. § 404.1527(e); *see also Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

In *Newton v. Apfel*, the Fifth Circuit Court of Appeals held that "absent reliable medical evidence from a treating or examining physician, . . . an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)."  *Newton*, 209 F.3d 448, 453 (5th Cir. 2000) (emphasis in original).  Under the statutory analysis of 20 C.F.R. § 404.1527(d), the ALJ must evaluate the following: (1) examining relationship; (2) treatment relationship, including the length, nature and extent of the treatment relationship, as well as the frequency of the examination(s); (3) supportability; (4) consistency; (5) specialization; and (6) other factors which "tend to support or contradict the opinion."  20 C.F.R. § 404.1527(d); *see also* 20 C.F.R. § 416.927(d); Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *3 (S.S.A. July 2, 1996); SSR 96-2p, 1996 WL 374188, at *4 (S.S.A. July 2, 1996).[3]

---

[3] Pursuant to *Newton*, however, the ALJ is required to perform a detailed analysis of the treating physician's views under the factors set forth in 20 C.F.R. § 404.1527(d) *only* if there is no other reliable medical evidence from another *treating or examining* physician that *controverts* the treating specialist. *See Newton v. Apfel*, 209 F.3d 448, 455-57 (5th Cir. 2000).  An ALJ does *not* have to perform a detailed analysis under the factors in the regulation "where there is competing first-hand medical evidence and the ALJ finds as a factual matter that one

As noted above, the ALJ found that Williams had the RFC to perform light work and, thus, was capable of performing her past relevant work. (Tr. 37.) In making this determination, the ALJ specifically considered the opinion of Vu. (*See* Tr. 36-37.) The ALJ, however, ultimately decided to reject the opinions of Vu finding that "Vu's medical records are devoid of any true objective medical findings." (Tr. 37.)

The first issue is whether the ALJ followed the statutory analysis before rejecting Vu's opinion. Although the ALJ did not make an explicit finding as to each of the factors in 20 C.F.R. § 404.1527(d), his discussion of Vu's opinion shows that he considered each factor in reaching his decision to reject Vu's opinion that Williams was, in essence, disabled. To begin with, in his decision, the ALJ recognized that the medical opinions of a treating physician are generally entitled to controlling weight. (Tr. 35.) As to factors one and two, it is apparent that the ALJ was aware of the examining relationship and treatment relationship between Vu and Williams as the ALJ specifically indicated that Vu was one of William's treating physicians and referenced various dates on which Vu had treated Williams during the relevant time period. (Tr. 36.) As to factors three, four, and six, the ALJ indicated that he rejected Vu's opinion that Williams was, in essence, disabled because he did not find such opinion was supported by the medical evidence. (Tr. 36-37.) In addition, prior to reaching this conclusion, the ALJ went through a detailed recitation of the other medical evidence in the record, including the findings of multiple other

---

doctor's opinion is more well-founded than another" as well as in cases in which "the ALJ weighs the treating physician's opinion on disability against the medical opinion of other physicians who have treated or examined the claimant and have specific medical bases for a contrary opinion." *Id.* at 458; *see Alejandro v. Barnhart*, 291 F. Supp. 2d 497, 507-11 (S.D. Tex. 2003); *Contreras v. Massanari*, No. 1:00-CV-242-C, 2001 WL 520815, at *4 (N.D. Tex. May 14, 2001) ("The Court's decision in *Newton* is limited to circumstances where the administrative law judge summarily rejects the opinions of a claimant's treating physician, based only on the testimony of a non-specialty medical expert who had not examined the claimant.")

8

doctors. (Tr. 34-37.)  As to factor five, although the ALJ does not specifically state that Vu is a board-certified rheumatologist, the ALJ referenced that Vu's medical records were from the Mid-Cities Arthritis Clinic.  (Tr. 36.)  Based on this information, the Court can imply that the ALJ recognized that Vu was a rheumatologist, which is a specialist in arthritic conditions.  *See* Dorland's Illustrated Medical Dictionary 1663-64 (31st ed. 2007).

Because the ALJ did properly follow the statutory analysis prior to rejecting Vu's opinion, the next issue is whether the ALJ provided "good cause" for rejecting the opinions of Vu.  In this case, it is clear that the ALJ did consider Vu's opinions in determining William's RFC as he analyzed Vu's opinions in his decision.  In addition, the ALJ set forth reasons for rejecting Vu's opinions, finding, in essence, that such opinions were not consistent with the other objective medical evidence in the record.  Because the ALJ ultimately determined, based on substantial medical evidence and other evidence in the record, that Vu's opinions should be rejected and provided good cause for rejecting Vu's opinions, remand is not required.

### B.    New and Material Evidence

As noted above, Williams attached the following documents to her brief: (1) a document listing her age, education, and work experience (Pl.'s Br. at 2); (2) pages previously submitted to the Appeals Council that appear to be printed off the Texas Medical Board website showing the public verification/physician profile for Vu (Pl.'s Br. at 3-7; *see* Tr. 15-19); and (3) a letter dated August 25, 2011 from Vu stating, simply, that he has been following Williams since 2002 and had been treating her for rheumatoid arthritis and fibromyalgia (Pl.'s Br. at 8).  The implication of attaching these documents to her brief is that Williams is requesting the Court to consider these documents as new evidence.

Social Security regulations allow claimants to submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision to deny benefits. 20 C.F.R. §§ 404.970(b), 404.976(b); *see Rodriguez v. Barnhart*, 252 F. Supp. 2d 329, 332 (N.D. Tex. 2003). The Appeals Council is required to evaluate the entire record, including any new and material evidence submitted by the claimant. *Id.* The Appeals Council's decision to decline to grant review of an ALJ's decision is part of the "final decision" and, as such, is reviewable in federal court. *See Higginbotham v. Barnhart*, 405 F.3d 332, 337-38 (5th Cir. 2005). In the Fifth Circuit, "evidence submitted by a claimant to the Appeals Council does not per se require remand to the Commissioner simply because the Appeals Council failed to address the evidence in its decision." *McGee v. Astrue*, No. 08-0831, 2009 WL 2841113, at *6 (W.D. La. Aug. 28, 2009) (citing *Higginbotham*, 405 F.3d at 332 and *Higginbotham v. Barnhart*, 163 F. App'x 279, 281-82 (5th Cir. 2006) ("*Higginbotham II*")). "A court considering the final decision should review the record as a whole, including the new evidence, to determine whether the Commissioner's findings are supported by substantial evidence, and should remand only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes insufficiently supported." *Lee v. Astrue*, No. 3:10-CV-155-BH, 2010 WL 3001904, at *7 (N.D. Tex. July 31, 2010) (citing *Higginbotham II*, 163 F. App'x at 281-82). "[T]his Court's task is to ascertain whether the Appeals Council's action was legally erroneous or factually unsubstantiated based on review of the entire administrative record." *Jones v. Astrue*, No. H-07-4435, 2008 WL 3004514, at *2 (S.D. Tex. Aug. 1, 2008).

In this case, the first document submitted by Williams with her brief lists information about her age, education, and past work history that was before and considered by the ALJ prior

10

to him making his July 30, 2009 decision. (*See, e.g.*, Tr. 42-44, 140-41, 180-87.) Because the ALJ considered this information and substantial evidence supports his decision, the Court concludes there is no error requiring remand.

The second document detailing Vu's physician profile contains information that was before the Appeals Council prior to it making its March 11, 2011 decision affirming the ALJ's decision. (Tr. 15; *see* Tr. 1-22.) Because such information was properly considered by the Appeals Council and both the ALJ and Appeals Council's decisions are supported by substantial evidence, the Court concludes that this document does not dilute the record to such an extent that the ALJ's decision becomes insufficiently supported.

As to the letter dated August 25, 2011 from Vu, the Court notes that "[w]hen new evidence becomes available after the Secretary's decision and there is a reasonable probability that the new evidence would change the outcome of the decision, a remand is appropriate so that this new evidence can be considered." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (citing 42. U.S.C. § 405(g) & *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994)). The Court does not issue factual findings on new medical evidence but is to determine whether to remand for the consideration of the newly presented evidence. *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989). "To justify a remand, 42 U.S.C. § 405(g) requires that the evidence is 'new' and 'material' as well as a showing of 'good cause' for failing to provide this evidence at the original proceedings." *Ripley*, 67 F.3d at 555. To be new, the evidence must not be merely cumulative of the evidence already in the administrative record. *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989). For evidence to be material, it must relate to the time period for which disability benefits were denied and there must be a reasonable probability that the new evidence would

change the outcome of the Commissioner's decision. *Ripley*, 67 F.3d at 555; *see Sullivan*, 884 F.2d at 803.

In this case, even assuming that the August 25, 2011 letter from Vu is new, the Court concludes that the letter is not material as there is no indication that it relates to the time period between February 9, 2007, Williams' alleged date of onset of disability, and June 30, 2009, the date Williams' was last insured. (Tr. 31.) The very brief letter states, in essence, that Vu has followed Williams since 2002 and is treating her for rheumatoid arthritis and fibromyalgia. Vu previously diagnosed Williams with fibromyalgia, a diagnosis that was clearly considered by the ALJ. (Tr. 36; *see* Tr. 35-36.) As to the diagnosis of rheumatoid arthritis, Vu had previously stated in February 2008 that he "did not think that [Williams] ha[d] rheumatoid arthritis." (Tr. 304.) Thus, Vu's diagnosis of rheumatoid arthritis appears to be a new impairment that Williams is suffering from and there is no indication in Vu's letter that such impairment existed between December 31, 2002 and December 31, 2007, the time period for which disability benefits were denied. Because the letter is not material, remand is not required.

## RECOMMENDATION

It is recommended that the Commissioner's decision be affirmed.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only

make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

### ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until **January 25, 2012** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 11, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv

13
